Dissenting opinion filed by Senior Circuit Judge WILLIAMS.
WILKINS, Circuit Judge:
Pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. § 3551 et seq., the District Court must, at the time of sentencing, “state in open court the reasons for its imposition of [a] particular sentence.” 18 U.S.C. § 3553(c). This provision mandates that the District Court offer a “reasoned basis” for its decision and “consider[ ]” all non-frivolous mitigatiqn arguments. Rita v. United States, 551 U.S. 338, 356, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007).
*84 Chad Pyles challenges his 132-month sentence on the basis that the District Court did not consider each and every one of his non-frivolous mitigation arguments before imposing judgment. Specifically, Pyles contends that the District Court failed to consider that: (1) Pyles’ criminal conduct stemmed from his history of childhood abuse; and (2) the child pornography Sentencing Guidelines do not adequately consider the individual characteristics of each defendant. Pyles argues that the District Court failed to respond explicitly to these two arguments on the record, and that such non-response should be construed as non-consideration and, therefore, error under Rita and its progeny.
Because Pyles failed to object to the alleged non-consideration at sentencing, though he had every opportunity, we review his claim for plain error. Fed. R. Crim. P. 52(b). As the Supreme Court held in Rita, the District Court is not required to produce “a full opinion in every case,” and need not expressly address each and every mitigation argument advanced by the defendant. 551 U.S. at 356, 127 S.Ct. 2456. Rather, so long as the judge provides a “reasoned basis for exercising his own legal decisionmaking authority,” we will presume that he or she adequately considered all arguments and uphold the sentence if it is otherwise reasonable. Id. Pyles’ claim that the District Court is required to respond explicitly to every non-frivolous mitigation argument appears nowhere in our caselaw; indeed the exact same claim was rejected by the Supreme Court in Rita. Accordingly, any purported error was not “so ‘plain’ the trial judge and prosecutor were derelict in countenancing it, even absent the defendant’s timely assistance in detecting it,” United States v. Saro, 24 F.3d 283, 286 (D.C. Cir. 1994) (quoting United States v. Frady, 456 U.S. 152, 163, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)), and we find that the District Court committed no “obvious,” or plain, error in this case. United States v. Olano, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).
I.
The facts of this case mirror the oft-told news story of an undercover detective who uses an online chat room to thwart the sexual abuse of minors. In August and September 2013, Pyles communicated with Timothy Palchak, an undercover Metropolitan Police Detective (the “Detective”), regarding Pyles’ sexual interest in minors. During e-mail conversations, Pyles distributed over the Internet five images of child pornography, three of which were sadomasochistic in nature. Later, Pyles and the Detective agreed to meet and have sex with two underage girls. Pyles traveled interstate to Washington, D.C. for this purpose, where he was promptly arrested. A consent search of Pyles’ computer revealed four additional videos of child pornography. In light of this evidence, the Government charged Pyles with two counts of criminal conduct: (1) traveling with intent to engage in illicit sexual acts in violation of 18 U.S.C. § 2423(b); and (2) knowingly distributing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).[1]
After reviewing the case, the District Court ordered Pyles to undergo psychological and psychosexual examination to determine if he was a pedophile and to gauge his propensity for recidivism. The psychologist diagnosed Pyles with pedophilia on a provisional basis, severe substance use disorder, and antisocial personality disorder. *85 In particular, the psychologist explained that Pyles refused to acknowledge he had a problem or needed treatment, and downplayed the severity of his actions. With regard to Pyles’ risk of recidivism, the psychologist noted that if Pyles participated in and completed a substance abuse program and a sex offender treatment program, his likelihood of recidivism was low. However, a failure to start or complete either of the programs would result in a moderate to high risk of recidivism.
Following the psychological exam, the District Court convened a sentencing hearing on September 30, 2014. The parties jointly recommended a sentence of 87 months imprisonment. This recommendation, however, was based on a miscalculation during plea negotiations of Pyles’ offense level at 28, which corresponds to an incarceration term of 78 to 97 months under the United States Sentencing Guidelines. When the District Court identified the proper offense level, the parties agreed that the revised Guidelines range was 108-to 135-months’ imprisonment. Nonetheless, the parties continued to advocate for an 87-month term. In particular, Pyles presented six mitigation arguments, including the two at issue in this case: (1) the Sentencing Guidelines arbitrarily increased the base offense levels and enhancements for child pornography without taking into account individualized conduct; and (2) as a child, Pyles was subjected to adult pornography and was sexually abused by older teenagers.
The District Court, however, was unconvinced that a below-Guidelines sentence should apply. When the parties recommended 87-months’ imprisonment, the District Court noted that this would be a downward variance, which was an “extraordinary request.” J.A. 122. Specifically, the judge explained that “the variance downward has to be consistent with the [section] 3553 factors” and, given the facts, he was “hard-pressed to see how that could possibly be the case here.” J.A. 115; see 18 U.S.C. § 3553(a).
In particular, the judge cautioned that the seriousness of Pyles’ behavior should not be taken lightly, especially given Pyles’ willingness to use the Internet for pornography and sexual communications, and physically travel to have sexual intercourse with a minor. The judge also referenced the sadomasochistic images and videos contained on Pyles’ computer. Further, the judge noted that Pyles’ decision to plead guilty was only because he had been caught “red-handed,” and the Government offered him a “huge break” by reducing his charge from distribution of pornographic material to possession. The judge also cited the “distressing” nature of the psychiatric report and, in particular, the fact that Pyles refused to acknowledge that he has a problem and needs treatment. The judge concluded that Pyles’ refusal to engage in sex offender management programs at the prison increased his risk for recidivism from low to moderate/high.
Moreover, the District Court expressed skepticism towards Pyles’ Sentencing Guidelines argument. Pyles claimed that the child pornography guidelines, U.S.S.G. § 2G2.2, arbitrarily increased the base offense levels and enhancements for defendants regardless of their individual characteristics and the severity of each crime. However, contrary to Pyles’ contentions, the District Court did not reflexively rely on the Guidelines range, but rather evaluated Pyles’ specific conduct and the risk that he posed to the community. Indeed, the Government- conceded at the hearing that this was quite a serious case, and that “[w]hen someone travels, acts on these urges, travels interstate to have sex with the child, ... there’s no reason to vary *86 from the guidelines.” J.A. 117. Thus, the Government noted that while there might be a legitimate argument that the child pornography guidelines were too high in some circumstances, the guidelines for the travel count were “too low.” J.A. 119. This concession prompted the judge to respond that the Guidelines argument supported, at best, a sentence of 108 months — the bottom of the applicable Guidelines range— but that it was “not an argument” that would support going below the Guidelines range to 87 months. Later, the judge added that the criticisms of the child pornography guidelines were weak in this case where Pyles’ offense involved images of prepubescent children, sadomasochistic images, and distribution of images rather than mere possession. Accordingly, the judge imposed a sentence of 132-months imprisonment.
Pyles appealed the District Court’s sentence on October 15, 2014. His primary argument on appeal is that the District Court provided no explanation regarding its rejection of his mitigation arguments. Rather, Pyles contends, the District Court improperly focused on the seriousness of the offense and the need for punishment. We have jurisdiction to review this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).
II.
Our review raises two interrelated questions. First, did Pyles sufficiently preserve his claim of error to trigger abuse of discretion review, or is our analysis limited to plain error? Unsurprisingly, Pyles argues that the correct standard is abuse of discretion, Appellant Br. 7-8, while the Government contends that this Court’s review is restricted to plain error, Appellee Br. 18. As explained below, we find that the appropriate standard is plain error. Second, was there plain error? Because we find that Pyles has not shown that it was an obvious error for the District Court to fail to expressly state that all of Pyles’ mitigation arguments were appropriately considered but nonetheless rejected, we find no plain error.
A.
The correct standard of review in this case hinges on whether Pyles timely objected to the District Court’s sentencing ruling. Where a sentencing violation has been properly preserved, this Court reviews the sentencing determination for abuse of discretion. See United States v. Locke, 664 F.3d 353, 356 (D.C. Cir. 2011). A defendant’s failure to timely raise a procedural violation at sentencing results in appellate review for plain error. United States v. Bigley, 786 F.3d 11, 13 (D.C. Cir. 2015). Pursuant to the plain error standard, Pyles must demonstrate that the District Court committed an “obvious” or “clear” error that affects his substantial rights. Olano, 507 U.S. at 734, 113 S.Ct. 1770. An error affects a defendant’s substantial rights if it is prejudicial, United States v. Simpson, 430 F.3d 1177, 1183 (D.C. Cir. 2005), and seriously impacts “the fairness, integrity, or public reputation of judicial proceedings,” Locke, 664 F.3d at 357.
In the context of an asserted procedural error for failure to consider a non-frivolous mitigation argument, our precedent requires that the defendant state his objection on the record at sentencing. In Locke, this Court held that because the defendant “did not challenge the adequacy of the district court’s statement of reasons below, we review her claim for plain error.” 664 F.3d at 357. It was not enough for the defendant to simply state her non-frivolous mitigation argument on the record; rather, when the District Court imposed its sentence and did not reference *87 this argument, the defendant had an affirmative duty to object if she believed that the argument had not been given fair consideration. Because the District Court gave the defendant “ample opportunity to object” when it asked the parties if they “know of any reason other than reasons already stated and argued why the sentence should not be imposed,” and defense counsel simply replied “[njothing else, [y]our Honor,” plain error review was appropriate. Id. (alterations in original). We have consistently followed that approach. See United States v. Hunter, 809 F.3d 677, 683 (D.C. Cir. 2016) (“Locke describes the best procedure for district judges to follow — after sentencing the judge should ask if there are any objections to the sentence imposed not already on the record.”); United States v. Mack, 841 F.3d 514, 518 (D.C. Cir. 2016) (applying plain error review where defendant asserted on appeal that District Court failed to consider his sentencing manipulation argument, but no objection was made even though “the trial judge asked appellant’s counsel on two occasions whether there was any reason why the court should not impose the sentence on the terms indicated”).
The circumstances of this appeal mirror those of Locke, Hunter, and Mack. After pronouncing the sentence, the District Court asked defense counsel if he had any questions, and counsel requested that the court recommend a prison placement for Pyles. The District Court agreed, and then asked whether there was “anything else,” prompting defense counsel to request that the court recommend substance abuse treatment during incarceration. The District Court agreed to recommend that Pyles be evaluated for such treatment and again asked “anything else?” and defense counsel responded “no.” J.A. 148-50. Thus, despite three explicit invitations to do so, Pyles did not challenge the adequacy of the District Court’s consideration of his mitigation arguments or the District Court’s explanation of its sentence.
Citing United States v. Tate, 630 F.3d 194 (D.C. Cir. 2011), our dissenting colleague contends that we are violating precedent and that there is an “intra-circuit conflict” in our cases involving the preservation requirements for alleged procedural error during sentencing. Dissent Op. 96. Not so. Tate was a procedural error case, but it was not a “failure to consider” procedural error case. In Tate, the defendant faulted the District Court for mistakenly believing that the 2007 amendment to the crack guideline had reduced the crack-to-powder disparity from 100 to 1 to a disparity of around 20 to 1, when, in actuality, the 2007 amendment brought the disparity to 70 to 1 as applied to Tate’s offense level. 630 F.3d at 197. The alleged error in Tate was that the District Court incorrectly considered the sentencing mitigation argument, not that the court had failed to consider the argument at all. As we have previously explained, “unnoticed errors of the sort characterized by the Supreme Court in Gall as procedural ‘such as ... failing to consider the § 3553(a) factors’ ... would normally be reviewed for plain error.” United States v. Russell, 600 F.3d 631, 633-34 (D.C. Cir. 2010) (quoting Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007)).
The distinction is important. Where either the defense or prosecution believe that the trial court has overlooked an argument in favor of mitigating or enhancing the sentence, we should “induce the timely raising of claims and objections, which gives the district court the opportunity to consider and resolve them,” and thereby “correct or avoid the mistake so that it cannot possibly affect the ultimate outcome.” Puckett v. United States, 556 U.S. 129, 134, 129 S.Ct. 1423, 173 L.Ed.2d 266 *88 (2009). Requiring- a contemporaneous objection to a failure of consideration “is neither pointless nor ‘formulaic,’ ” Hunter, 809 F.3d at 683, because “a clear objection can enable a trial court to correct possible error in short order and without the need for an appeal,” id. (quoting United States v. Bennett, 698 F.3d 194, 199 (4th Cir. 2012)).
Therefore, in accordance with our precedent, because appellant raised no objection to his sentence despite three opportunities to do so, we review the asserted procedural violation in this case for plain error. Hunter, 809 F.3d at 683 (using plain error review when appellants raised no objection even though District Court asked them if there were “any additional questions” after imposing sentence).
B.
Having discerned the standard of review, we must next determine whether the District Court committed plain error by failing to explain its rejection of each mitigation argument on the record. We find that it did not.
To give rise to plain error, the error must have been “obvious,” meaning that “the error is clear under current law.” Olano, 507 U.S. at 734, 113 S.Ct. 1770; see also Henderson v. United States, 568 U.S. 266, 133 S.Ct. 1121, 1124-25, 185 L.Ed.2d 85 (2013) (“[A]s long as the error was plain as of ... the time of appellate review ... the error is ‘plain’ within the meaning of the Rule.”). Stated differently, “[ajbsent controlling precedent on the issue or some other ‘absolutely clear’ legal norm, the district court committed no plain error.” United States v. Nwoye, 663 F.3d 460, 466 (D.C. Cir. 2011) (quoting In re Sealed Case, 573 F.3d 844, 851 (D.C. Cir. 2009)).
The holdings of the Supreme Court and this Court state that when presented with non-frivolous arguments for mitigation, the District Court must consider those arguments before imposing the sentence. Bigley, 786 F.3d at 12, 14. In addition to considering any mitigation arguments, the District Court must provide a “reasoned basis” when announcing its sentencing decision. Locke, 664 F.3d at 357. These standards, however, do not require the District Court to individually and expressly address every non-frivolous argument advanced by a defendant on the record. Id. Rather, “so long as the judge provides a ‘reasoned basis for exercising his own legal decisionmaking authority,’ we generally presume that he adequately considered the arguments and will uphold the sentence if it is otherwise reasonable.” Id. at 358 (quoting Rita, 551 U.S. at 356, 127 S.Ct. 2456). Where the record makes clear that the judge considered and evaluated a defendant’s arguments, the presumption of procedural reasonableness will be upheld. Id.
In Locke, the defendant similarly challenged his sentence on the basis that the District Court failed to consider two mitigation arguments. Id. at 354. The record in Locke, however, clearly evidenced an extended colloquy between the District Court and Locke’s counsel regarding the defendant’s refusal to cooperate with the Government. Id. at 358. Following this discussion, the District Court offered a well-reasoned basis for its decision. In particular, “[a]fter outlining the seriousness of the offense, the length of the conspiracy, the ‘significant role’ played by Locke and [the District Court’s] doubts about her remorse, [the judge] concluded that a ‘substantial period of incarceration’ was warranted.” Id. This Court found no plain error even though the judge did not address every mitigation argument offered by the defendant.
*89 The holding of Locke flowed from the guidance of Rita, where the Supreme Court refused to require district court judges to write full opinions for every sentencing decision. 551 U.S. at 356, 127 S.Ct. 2456. The Supreme Court stated that the length and detail of a judge’s sentencing explanation, along with his decision to respond to or ignore certain arguments should be left “to the judge’s own professional judgment.” Id. A sentencing judge need only set forth enough facts and analysis “to satisfy the appellate court that he has considered the parties’ arguments and has a reasoned basis for exercising his own legal decisionmaking authority.” Id. If a judge is merely applying the Sentencing Guidelines to a particular case, his actions do not require a lengthy explanation. Id. Therefore, where a judge listens to arguments for mitigation, considers the supporting evidence, and finds that the circumstances do not warrant a below-Guidelines sentence, then “context and the record make clear” that the judge considered each argument. Id. at 358-59, 127 S.Ct. 2456. Citing Rita and Locke, we recently explained that while non-frivolous mitigation arguments must always be considered, we “do not require the court to expressly address every argument advanced by a defendant” when imposing a sentence. United States v. Borda, 848 F.3d 1044, 1071 (D.C. Cir. 2017), cert. denied, No. 16-1396, — U.S. -, 137 S.Ct. 2315, — L.Ed.2d -, 2017 WL 2266395 (June 26, 2017).
The fact that we are reviewing a within-Guidelines sentence also impacts the analysis. In United States v. Brinson-Scott, we cited Rita for the proposition that “[wjhere, as here, the district judge pronounces a within-Guidelines sentence ... little explanation is required.” 714 F.3d 616, 625 (D.C. Cir. 2013); see also Rita, 551 U.S. at 356, 127 S.Ct. 2456 (“[Wjhen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation.”). Comparably, in United States v. Akhigbe, we noted that, “[i]n many cases, such as where the parties have presented only ‘straightforward, conceptually simple arguments’ and the district court concludes a Guidelines sentence is appropriate, a fairly brief recitation of reasons will satisfy the court’s procedural obligations.” 642 F.3d 1078, 1087 (D.C. Cir. 2011) (quoting Rita, 551 U.S. at 356, 127 S.Ct. 2456). Other circuits have construed Rita similarly, noting that “[l]ess explanation is typically needed when a district court sentences within an advisory guidelines range.” United States v. Harris, 567 F.3d 846, 854 (7th Cir. 2009).
The dissent contends that Rita requires that the District Court must not only “consider” all non-frivolous mitigation arguments, but also “acknowledge” or “respond” to every non-frivolous argument on the record. Dissent Op. at 99-100. But this supposed requirement for an explicit response appears nowhere in the Supreme Court’s opinion, even though the Petitioner in Rita argued that “district courts must articulate their consideration of all factors relevant to judgment,” and that it was error to “impos[e] sentence without articulating, on the record, its consideration of the factors enumerated in 18 U.S.C. § 3553(a), as plainly required by [18 U.S.C.] § 3553(c).” Brief for Pet’r at 5, 42-43, Rita v. United States, 551 U.S. 338 (2007) (No. 06-5754). The Supreme Court declined the Petitioner’s invitation to go this far, and instead required only that the district courts consider all non-frivolous mitigation arguments and articulate merely a “reasoned basis” for the sentence. Rita, 551 U.S. at 356, 127 S.Ct. 2456.
The dissent ignores the holding as pronounced in Rita, and further ignores the fact that the Supreme Court refused Peti *90 tioner’s demand that the district court “articulate” all factors considered. Instead, the dissent reads between the lines to assert that when the Supreme Court used the word “consider,” it really meant “acknowledge and consider.” But as explained above, we have not described Rita as requiring such an express acknowledgement in every single case, and notwithstanding the dissent’s efforts to manufacture a circuit split, neither have our sister circuits. Indeed, the First Circuit has held that where mitigating arguments were “thoroughly discussed in the presentence report; that the district court did not explicitly mention them during the sentencing hearing suggests they were unconvincing, not ignored.” United States v. Lozada-Aponte, 689 F.3d 791, 793 (1st Cir. 2012). Thus, to the extent that out-of-circuit cases are even relevant in the plain error context, they fail to establish a “clear” and “obvious” uniform rule that district judges must always acknowledge every non-frivolous mitigation argument during sentencing. See, e.g., id. (“Though we require consideration of the § 3553(a) factors, we do not require an express weighing of mitigating and aggravating factors or that each factor be individually mentioned.”); United States v. Chiolo, 643 F.3d 177, 182 (6th Cir. 2011) (“Chiolo claims that his sentence was procedurally unreasonable because the district court did not address several of his non-frivolous arguments .... While it is true that the court did not expressly address these arguments, Chiolo demands a degree of formalism which the law does not require.”); United States v. Paige, 611 F.3d 397, 398 (7th Cir. 2010) (“Even if the judge did not adequately address these arguments, we regularly affirm sentences where the district judge does not explicitly mention each mitigation argument raised by the defendant.”); United States v. Gasaway, 684 F.3d 804, 807 (8th Cir. 2012) (“Gasaway is correct that the district court did not ... directly address Gasaway’s difficult life or alcohol problems. However, the court stated it had considered all of the sentencing factors, and it is clear from the record that the court was on notice of Gasaway’s mitigating life circumstances. In sentencing a defendant, ‘it is often enough that a judge only reference some of the factors.’ ”) (quoting United States v. McGlothen, 556 F.3d 698, 702 (8th Cir. 2009)); United States v. Perez-Perez, 512 F.3d 514, 516 (9th Cir. 2008) (“[T]he sentencing judge expressly based the within-guidelines sentence on the defendant’s extensive criminal history and the need for deterrence, while apparently considering — -without explicit reference — Perez-Perez’s mitigation arguments. That the defense’s arguments were considered is clear from the transcript of the sentencing proceeding, during which the district court actively questioned and engaged the defense. This is sufficient under the Supreme Court’s decision in Rita and this Court’s earlier authority.”); United States v. Amedeo, 487 F.3d 823, 833 (11th Cir. 2007) (“[Although the district court’s sentencing order made no mention of evidence that arguably mitigated in Am-edeo’s favor under § 3553(a), we cannot say that the court’s failure to discuss this ‘mitigating’ evidence means that the court erroneously ‘ignored’ or failed to consider this evidence in determining Amedeo’s sentence.”).
Thus, the precedent regarding mitigation arguments follows the precedent relating to the § 3553(a) factors — the District Court must consider the argument, but that does not equate to a mandate that such consideration must be spelled out on the record. See Simpson, 430 F.3d at 1186 (“It is true that the district court did not specifically refer to each factor listed in § 3553(a). But we have not required courts to do so.”); United States v. Warren, 700 *91 F.3d 528, 533 (D.C. Cir. 2012) (rejecting the argument “that the court erred by failing to explicitly refer to each section 3553(a) factor”). “As this Court has said many times, there is no requirement that sentencing courts expressly list or discuss every Section 3553(a) factor at the sentencing hearing.” United States v. Knight, 824 F.3d 1105, 1110 (D.C. Cir. 2016). Indeed, we have upheld a sentence even where “the district court’s explanation did not invoke any of the section 3553(a) factors by name. But we do not require that it do so. Sentencing, after all, is not a game of Simon Says.” Brinson-Scott, 714 F.3d at 626 (emphasis added). The same is true for mitigation arguments, and the dissent is mistaken to contend otherwise.
Applying these principles to the present appeal, we cannot say that the District Court plainly erred by not explicitly addressing each of Pyles’ mitigation arguments. A trial judge may hear, understand, and weigh a defendant’s non-frivolous argument even though the judge does not fully and explicitly address that precise argument on the record. Context matters. If a trial judge states a reasonable decision in support of sentencing and that decision obviously forecloses an objection raised by the defendant, we need to be very cautious before concluding that the judge has failed to give due consideration to the non-frivolous objection. The dissent’s categorical rejection of implicit consideration is misguided. In Gall, the Supreme Court rejected the contention that the district court failed to consider the need to avoid unwarranted sentencing disparities, where the district judge did not explicitly weigh this factor when he imposed a probationary sentence even though the Guidelines range was 30-37 months imprisonment. 552 U.S. at 52-56, 128 S.Ct. 586. The Court found that the factor was implicitly considered because “avoidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges. Since the District Judge correctly calculated and carefully reviewed the Guidelines range, he necessarily gave significant weight and consideration to the need to avoid unwarranted disparities.” Id. at 54, 128 S.Ct. 586.
In this case, several factors from the record and surrounding context — in addition to the detailed explanation for the sentence described above — make it clear that the judge considered and implicitly rejected Pyles’ contentions before rendering a within-Guidelines sentence based on the judge’s reasoned decisionmaking. The precedent of the Supreme Court and our Court requires nothing more.
First, the judge explicitly stated on the record that he spent a “considerable amount of time” reviewing the materials in this case, including Pyles’ sentencing memorandum. Indeed, based upon this review, the judge felt that an important piece of information was missing, and ordered Pyles to undergo a psychiatric evaluation. The judge then convened a hearing on September 9, 2014, to review the results of the evaluation, and allowed the parties to submit supplemental briefing. The judge further delayed the sentencing hearing to get his glasses repaired so he could read everything. During the hearing, the judge referred to the written materials several times, and even read portions of the psychological report to the prosecutor and defense counsel to get their responses. Given this record, it would be entirely unfair to conclude that the District Court did not read and consider the contentions made in the written submissions, including the various arguments in favor of mitigation. See United States v. Carty, 520 F.3d 984, 995-96 (9th Cir. 2008) (en banc) (rejecting the argument that “because the *92 district court did not affirmatively state that it considered the § 3553(a) factors, we should assume that it did not,” since “the judge stated that he reviewed the papers; the papers discussed the applicability of § 3553(a) factors; therefore, we take it that the judge considered the relevant factors”).
Second, the district judge interacted frequently with the prosecutor, defense counsel, and Pyles during each of their al-locutions, which demonstrates that he was listening to what they were saying. The dissent suggests that we should conclude that the judge did not consider Pyles’ argument for a variance because he expressed skepticism during the prosecutor’s allocution and before hearing from the defense, but there is no valid reason to presume that a judge who expresses a tentative view of the sentence refused to consider all arguments made thereafter. It has long been established that “[a] judge ... may make a preliminary determination about the sentence in his own mind before hearing the defendant’s allocution.” United States v. Mata-Grullon, 887 F.2d 23, 25 (1st Cir. 1989) (per curiam); see also United States v. Margiotti, 85 F.3d 100, 103 (2d Cir. 1996); United States v. Wolfe, 71 F.3d 611, 614-15 (6th Cir. 1995); United States v. Laverne, 963 F.2d 235, 237 (9th Cir. 1992). Such a presumption of non-consideration would be entirely unfair here, where the district judge acknowledged when stating his tentative views that defense counsel had not yet made his argument and he did not want to “steal [counsel’s] thunder.” J.A. 119. Furthermore, we have never held that a District Court’s response to a non-frivolous mitigation argument must be raised solely with defense counsel. If the Government and defendant present similar arguments for mitigation, the District Court’s response to either party will be sufficient to show it considered the argument. The fact that the District Court addressed this argument with the Government’s lawyer does not expunge the consideration of the issue.
Third, the district judge explicitly sought to hear Pyles’ mitigation arguments, as he asked defense counsel to “give me your best argument for [a] downward variance” at the beginning of his presentation. J.A. 122. The District Court allowed defense counsel and Mr. Pyles to make lengthy statements; indeed, the sentencing hearing lasted nearly an hour, longer than most of our oral arguments. Unlike the dissent, we are unwilling to find that the district judge failed to consider the precise arguments that he listened to for a very long time and expressly asked to hear.
Fourth, context makes clear why the District Court rejected Pyles’ Sentencing Guidelines argument. Given that both Pyles and the Government raised issues with the Sentencing Guidelines in their memoranda, the District Court found it pertinent to discuss this concern at the beginning of the hearing. The Government acknowledged that “[t]he conduct in this case is very, very serious,” and explained that “you have child pornography on one side, where there’s all kind of argument on one side what the guidelines should be. But you have travel on the other side, where there, frankly, is no argument.” J.A. 117. The District Court responded by explaining that Pyles had already received a huge break in how he was charged because simple possession of pornographic material does not carry a mandatory minimum sentence. After further discussion, the Government noted that “[sjometimes the Guidelines are possibly much higher than the conduct or much more serious than the conduct, and sometimes they’re lower. Frankly, in the case of a travel only ... it’s too low. Sometimes when it’s involving *93 child pornography only, it’s too high.” J.A. 119. The judge explained that this argument could not result in a downward variance in this case. Later, the District Court responded to defense counsel’s arguments about the relative seriousness of the travel count versus the child pornography count and their respective Guidelines levels, stating that the Guidelines enhancement for sadomasochistic images was appropriate and rejecting the argument that the child pornography Guideline range should be less than the Guideline range for the travel count. Finally, after hearing from both defense counsel and Pyles, the judge stated “obscene materials are not all the same, some are worse than others, and that’s why we have points in this patchwork quilt of calculations that the guidelines engage in,” and announced his conclusion that a sentence at the upper range of the Guidelines was warranted because the images in this case involved prepubescent children, sadomasochistic images, and were not just possessed, but also distributed, by Pyles. J.A. 142-43. Thus, it is quite evident that the District Court read, listened to, and considered the mitigation arguments based upon the alleged excessive enhancements of the child pornography Guidelines.
Fifth, with regard to the District Court’s alleged failure to consider Pyles’ history of sexual abuse, we note that Pyles’ childhood sexual abuse was discussed in the presen-tence report, Pyles’ sentencing memorandum, and the psychological evaluation, all of which the District Court read. Indeed, it was only after reviewing the presentence report and sentencing memoranda that the District Court, on its own volition, ordered Pyles to undergo psychological testing. The District Court then permitted additional briefing by the parties to address the findings in the psychological report. It would be puzzling to hold that the District Court did not consider the history of sexual abuse described in a report that the judge specifically requested. Rather, it is both fair and reasonable to presume that a judge read and considered information that he specifically sought out. The opposite presumption, embraced by the dissent, seems much more dubious.
The District Court’s discussion of Pyles’ drug abuse is also relevant on this point. Pyles blamed his pedophilia on his drug usage and, in turn, he blamed his drug usage on his sexual abuse as a child. Thus, Pyles’ drug use was inextricably intertwined with his history of sexual abuse. The District Court directly acknowledged Pyles’ drug usage on the record, so it is hard to conceive how the District Court could have considered the drug abuse ■without also considering the mitigating factor that supposedly begat the drug abuse. While an explicit response to the sexual abuse argument would have been advisable, the context shows that the argument was considered.
Sixth, in addition to what was said during the formal pronouncement of sentence, the District Court made several statements throughout the sentencing hearing that explained its reasoning. The District Court took issue with Pyles’ minimization of his crimes, the severity of the conduct, including interstate travel and possession of sadomasochistic images, and Pyles’ unwillingness to participate in sex offender treatment. Specifically, the judge explained that Pyles’ risk of recidivism increased to moderate/high because of his refusal to undergo treatment, and that Pyles simply blamed drug usage for his pedophilia. The District Court also stressed its obligation to punish and deter Pyles and others from committing this crime in the future, along with the need to protect the community. The judge’s decision was further based on the fact that Pyles already received a “huge break” because he pled guilty to simple possession *94 of pornography, not distribution, and that his acceptance of guilt was only because he had been caught “red-handed” and had no legitimate defense. The District Court’s explanation of these factors at the sentencing hearing provides a well-reasoned basis for rejecting the arguments for a downward variance. The judge’s reasoning suggests that he considered all appropriate circumstances and imposed a sentence that would achieve the goals of individual and general deterrence, adequate punishment, and protection of the community.
In summary, our precedent requires the District Court to consider each and every non-frivolous argument for mitigation, but does not require the judge to address expressly each argument on the record when pronouncing the sentence. Our review, particularly in the plain error context, is for “significant procedural error,” Gall, 552 U.S. at 51, 128 S.Ct. 586, rather than for fastidious compliance with protocol. Express acknowledgment of mitigation arguments is of course helpful and encouraged, but it is not required in every instance. The record and context of this case make clear that the judge did not violate any of the settled standards set forth in Rita and Locke when he imposed a within-Guidelines sentence, and there is enough in the record to allow for meaningful appellate review. Accordingly, we find no plain error. The judgment is affirmed.

So ordered.

. On February 20, 2014, the parties entered into a plea bargain in which Pyles' charge for knowingly distributing child pornography was reduced to one count of possession of child pornography.