17-4029-cr
United States v. Randle

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand eighteen.

PRESENT:     PETER W. HALL,
             GERARD E. LYNCH,
                     *Circuit Judges,*
             PAUL G. GARDEPHE,
                     *District Judge.*\*

---------------------------------------------------------------------
UNITED STATES OF AMERICA,

                    *Appellee,*

                    v.                                          No. 17-4029-cr

CARL RANDLE,

                    *Defendant-Appellant.*

---------------------------------------------------------------------
FOR APPELLANT:               JEFFREY T. BAGLEY, Federal Public Defender's Office,
                             Western District of New York, Buffalo, New York.

FOR APPELLEE:                MARY C. BAUMGARTEN, Assistant United States
                             Attorney, *for* James P. Kennedy, Jr., United States

---

\* Judge Paul G. Gardephe of the United States District Court for the Southern District of New York, sitting by designation.

1

Attorney for the Western District of New York, Buffalo, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Arcara, *J.*), (McCarthy, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Following a jury trial before a magistrate judge, Defendant-Appellant Carl Randle was convicted of menacing in the second degree, in violation of New York penal law § 120.14 and 18 U.S.C. §§ 7(3), 13(a), by intentionally placing or attempting to place another person in reasonable fear of physical injury or death by displaying an object that appeared to be a pistol or firearm.[1]  Randle was sentenced to six months' imprisonment.  Randle appealed to the district court, and the judgment was affirmed.

We assume the parties' familiarity with the facts, record of prior proceedings, and arguments on appeal, which we reference only as necessary to explain our decision to affirm.

Randle first argues that the magistrate judge committed reversible error by not giving a self-defense charge to the jury because there was sufficient evidence in the record for the jury to find he acted in self-defense.  *See Matthews v. United States*, 485 U.S. 58, 63 (1988) (explaining that a defendant is entitled to an instruction on any defense for which there is evidence in the record "sufficient for a reasonable jury to find in his favor."); *United States v. Rowland*, 862 F.3d 100, 115 (2d Cir. 2016) (stating that "a criminal defendant is entitled to have instructions

---

[1]    The Assimilative Crimes Act, 18 U.S.C. §§ 7(3) and 13(a), provides federal jurisdiction over state law offenses that occur on land reserved for the use of the United States, such as the Veterans Affairs Medical Center Randle was in at the time of the incident for which he was convicted.

presented relating to any theory of defense for which there is any foundation in the evidence, no matter how weak or incredible that evidence may be." (internal quotation marks and alterations omitted)). Our precedent is conflicting as to whether we review *de novo* the trial court's decision with respect to an evidentiary basis for a self-defense charge or whether we review it for abuse of discretion. *Compare United States v. Desinor*, 525 F.3d 193, 198 (2d Cir. 2008), *with United States v. Hurtado*, 47 F.3d 577, 585 (2d Cir. 1995). Because Randle's challenge fails under *de novo* review, this ambiguity need not be resolved by us here.

Under New York law, the defense of justification is available to a defendant who "reasonably believes [physical force] to be necessary to defend himself . . . from what he . . . reasonably believes to be the use or imminent use of unlawful physical force by such other person." *People v. Goetz*, 68 N.Y.2d 96, 114 – 15 (1986). Randle failed to point the magistrate judge to evidence on which a reasonable defendant could have based a belief that physical force was necessary to defend himself from the imminent use of unlawful physical force. The surveillance video in evidence did not show, and witnesses presented at trial did not testify, that Randle's victim threatened him. The magistrate judge thus did not err in declining to issue a self-defense charge to the jury.

Randle also argues that his trial counsel should have been permitted to advocate in his opening statement that Randle subjectively believed his victim was going to physically harm him. What we have already said disposes of this argument. Whether or not the magistrate judge was correct to preclude Randle from opening on self-defense on the record as it then stood, Randle cannot have been prejudiced by being prevented from opening on a defense

3

that he ultimately was not entitled to put before the jury.

Even if that were not the case, this argument is meritless. "[T]he making and timing of opening statements can be left constitutionally to the informed discretion of the trial judge." *United States v. Salovitz*, 701 F.2d 17, 21 (2d Cir. 1983). But a "ruling based on an erroneous view of the law" is an abuse of discretion. *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008).

Randle asserts that the magistrate judge's ruling was based on the erroneous view advanced by the government that the "subjective prong" of self-defense must come from a defendant's testimony. The record reveals, however, that the magistrate judge's decision that defense counsel would not be allowed to opine what Randle believed at the relevant time was based on the absence in the record of any evidence of the elements of self-defense, not whether Randle would testify. *See* J. App'x at 89 (The magistrate judge, in considering the scope of the defense's opening statement, reasoning that "*unless* there are any other witnesses[,] I assume the defendant would have to testify.") (emphasis added). The magistrate judge thus did not abuse his discretion in limiting the scope of defense counsel's opening statement.

We have considered all Randle's arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the amended judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4