# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

No. 19-3024

September Term, 2020

FILED ON: MARCH 16, 2021

UNITED STATES OF AMERICA,
> APPELLEE

v.

KELBY GORDON,
> APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:17-cr-00234-6)

Before: TATEL and KATSAS, *Circuit Judges*, and EDWARDS, *Senior Circuit Judge*.

## **JUDGMENT**

The Court has considered this appeal on the record from the United States District Court for the District of Columbia and on the parties' briefs and oral argument. The Court has accorded the issues full consideration and has determined they do not warrant a published opinion. *See* FED. R. APP. P. 36; D.C. CIR. R. 36(d). It is

**ORDERED** that the judgment of the district court be **AFFIRMED**.

Kelby Gordon was convicted of selling an analog of fentanyl, a controlled substance, to an undercover detective. Although the Sentencing Guidelines recommended a prison sentence of 30–37 months, the district court imposed a 120-month sentence and made it run consecutively with Gordon's other sentences for past offenses. Gordon appeals the sentence.

First, Gordon contends that the district court failed adequately to consider whether his latest sentence should run consecutively rather than concurrently under 18 U.S.C. § 3584. Specifically, Gordon asserts that the court considered neither the sentencing factors listed in 18 U.S.C. § 3553(a) nor the protection to the public afforded by a separate, 32-year sentence that Gordon is serving for murder. Gordon did not raise either of these procedural claims at the time of sentencing, even though the district court gave him ample opportunity to do so. Thus, we review the claims only for plain error. *See United States v. Pyles*, 862 F.3d 82, 86 (D.C. Cir. 2017).

The district court committed no plain error in explaining the consecutive sentence. So long as the court provides a "reasoned basis" for its sentence, we presume that the court adequately considered all arguments made by the defendant, even if it does not "individually and expressly address" every one of them. *Pyles*, 862 F.3d at 88 (cleaned up). Likewise, we ordinarily presume that the court "took into account all the factors listed in § 3553(a) and accorded them the appropriate significance." *United States v. Ayers*, 428 F.3d 312, 315 (D.C. Cir. 2005). In this case, the district court provided a reasoned basis for its sentence. The court relied on Gordon's extensive criminal history, the need to reduce sentencing disparities among Gordon and his co-defendants, and the increasing danger of fentanyl in the local community. Moreover, the court discussed the section 3553(a) factors at length in fixing Gordon's sentence at 120 months, and its reasoning applies no less to its related decision to make the sentence run consecutively.

Gordon further argues that the district court based its sentence on two findings of fact that are unsupported by the record. The parties dispute whether we should review this claim for clear error or for plain error. We need not decide which standard of review applies, for we find no error at all. Despite Gordon's contrary contention, the district court never found that Gordon *knew* he was dealing fentanyl rather than heroin. Instead, it found only that Gordon "either knew that he was distributing fentanyl or didn't care that he was distributing fentanyl." J.A. 518. Gordon further challenges the district court's statement that he was the "only" one of the co-defendants "who was apparently dealing fentanyl." J.A. 532. But that observation—made in the context of addressing sentencing disparities—simply noted that none of the co-defendants had been *convicted* of dealing fentanyl. Moreover, the court's use of "apparently" hedged for the possibility that Gordon's co-defendants had been dealing fentanyl but not convicted of that offense.

Finally, Gordon contends that his sentence was substantively unreasonable. We review this claim only for abuse of discretion. *See United States v. Wilson*, 605 F.3d 985, 1033–34 (D.C. Cir. 2010). The district court permissibly considered whether aspects of Gordon's criminal history were "not fully account[ed] for" by the applicable Sentencing Guidelines. *United States v. Ransom*, 756 F.3d 770, 775 (D.C. Cir. 2014). And it reasonably concluded that, in this case, the Guidelines calculation did not adequately take into account that (1) Gordon's many past convictions for the attempted distribution of controlled substances, some of which produced no criminal-history points, likely involved actual distribution; (2) Gordon's prior convictions progressively involved more dangerous controlled substances; and (3) Gordon repeatedly had violated court orders regarding bail and supervised-release conditions. Moreover, the district court reasonably concluded that the Guidelines did not fully reflect the degree of "havoc" that fentanyl and related opioids are wreaking in Washington, D.C. J.A. 524; *see also United States v. Hubbard*, 744 F. App'x 273, 276 (6th Cir. 2018). Relatedly, the court noted, the seriousness of fentanyl offenses supported lengthening Gordon's sentence to align it with the sentences of his co-defendants. Together, these considerations make Gordon's sentence substantively reasonable.

For these reasons, we affirm the district court's judgment. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.

2

**Per Curiam**

                                         **FOR THE COURT:**
                                         Mark J. Langer, Clerk

BY:    /s/
            Daniel J. Reidy
            Deputy Clerk