# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued September 24, 2024     Decided December 20, 2024

No. 24-3011

UNITED STATES OF AMERICA,
APPELLEE

v.

JAMES LITTLE,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:21-cr-00315-1)

*Joshua B. Carpenter*, Appellate Chief, Office of the Federal Public Defender for the Western District of North Carolina, argued the cause and filed the briefs for appellant.

*Reuven Dashevsky*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Matthew M. Graves*, U.S. Attorney, and *Chrisellen R. Kolb*, *Nicholas P. Coleman*, and *Patrick Holvey*, Assistant U.S. Attorneys.

Before: WALKER and PAN, *Circuit Judges*, and EDWARDS, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* PAN.

PAN, *Circuit Judge*:  James Little pleaded guilty to one count of Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).   The district court sentenced him to 60 days' imprisonment, followed by three years of probation.  In a prior appeal, Little successfully challenged that sentence.  We agreed with him that the applicable statutes did not authorize a "split sentence" that included both imprisonment and probation for the commission of a single violation.  *See United States v. Little*, 78 F.4th 453 (D.C. Cir. 2023).   We therefore vacated his sentence and remanded his case to the district court.  The district court resentenced Little to 150 days in prison, with credit for the 60 days in prison he had already served, and an additional credit of 30 days for the time he had spent on probation.  Little claims that his new sentence violates the Double Jeopardy Clause.  We disagree and affirm.

**I.**

**A.**

On January 6, 2021, James Little took part in the riot at the United States Capitol.  He roamed the third-floor Senate Gallery, taking photographs and sending messages to his family and friends.  In those messages, he said things like: "We just took over the Capital [sic]," and "We are stopping treason!  Stealing elections is treason!  We're not going to take it anymore!"  J.A. 33.  Little ultimately pleaded guilty to one count of Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).   That crime carries a maximum punishment of six months in prison or five years of probation.  40 U.S.C. § 5109(b); 18 U.S.C. § 3561(c)(2).  The district court sentenced Little to 60 days in prison followed by three years of probation.   The court

reasoned that "some term of imprisonment is essential in these cases now to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense." J.A. 149. In addition, because the court did "not have confidence that the same [conduct] would not happen in the next election cycle," it imposed a probation term so that Little "[would] not be without court supervision during the next election cycle." J.A. 150.

Little appealed his sentence, arguing that the district court erred by imposing both a term of imprisonment and a term of probation. We agreed with Little that the relevant statutes — 18 U.S.C. §§ 3551(b) and 3561 — authorize a sentence of either probation or imprisonment for a single violation, but not both. *United States v. Little* (*Little I*), 78 F.4th 453, 454–56 (D.C. Cir. 2023).[1] We thus vacated Little's sentence and remanded his case to the district court for resentencing. *Id.* at 461.

**B.**

By the time the case was remanded, Little was in the midst of serving the originally imposed sentence: He had finished serving the term of imprisonment and was in the middle of his

---

[1] We reasoned that the "menu" of sentencing options under 18 U.S.C. § 3551(b) authorizes "(1) a term of probation"; "(2) a fine"; "*or*" "(3) a term of imprisonment" (emphasis added). The statute further allows the imposition of a fine "in addition to any other sentence," but makes no other exceptions to allow for more than one punishment. *Id.* § 3551(b). The text and structure of § 3551(b) thus "show that probation and imprisonment may not be imposed as a single sentence." *Little I*, 78 F.4th at 455. Moreover, we interpreted 18 U.S.C. § 3561(a)(3) to preclude a sentence of imprisonment and probation for a single violation. *Id.* at 456.

time on probation. Little filed a motion to amend the judgment, asking the district court to forgo resentencing and to terminate his probation. He noted that 18 U.S.C. §§ 3551(b) and 3561 authorized a sentence of *either* imprisonment *or* probation, yet he had been sentenced to both. Relying on two Supreme Court cases — *Ex parte Lange*, 85 U.S. (18 Wall.) 163 (1873), and *In re Bradley*, 318 U.S. 50 (1943) — he argued that imposing further punishment on him under those circumstances would violate the Double Jeopardy Clause because he had fully satisfied one of the alternative punishments authorized by statute.

The district court denied Little's motion, ruling that our mandate required Little to be resentenced. *See* J.A. 281 (noting that the mandate "vacate[d] Little's sentence and remand[ed] to the district court for resentencing" (quoting *Little I*, 78 F.4th at 461)). The district court also rejected Little's argument that the Double Jeopardy Clause barred the imposition of additional punishment. The court concluded that a later Supreme Court case — *Jones v. Thomas*, 491 U.S. 376 (1989) — requires courts to read the *Lange* and *Bradley* cases narrowly. Relying on *Jones* and *North Carolina v. Pearce*, 395 U.S. 711 (1969), the district court held that resentencing Little would be lawful "as long as [the court] credits the time already served in prison or probation against any new punishment." J.A. 283.

The district court also noted that "an increase in a sentence" does not violate the Double Jeopardy Clause unless the defendant had a "legitimate" "expectation of finality" in the original sentence. J.A. 285. The court concluded that Little lacked such a legitimate expectation of finality because Little chose to appeal the original sentence, and because that sentence was, in any event, illegal.

The district court then resentenced Little to 150 days of imprisonment.  To account for the time that Little had served on the original sentence, the court gave Little credit for the 60 days he spent in prison, as well as an additional credit of 30 days for the 18 months that he had spent on probation.  In arriving at the 30-day credit, the court opined that Little's probation "should count for relatively little" because he "spent essentially *no time* in compliance with the terms and conditions of his probation." J.A. 309 (emphasis in original).  After noting Little's failure to pay restitution, his lack of remorse, and his refusal to take responsibility for his actions, the court concluded that "too great a sentence reduction" would fail to satisfy the "purposes of sentencing," including the need for a sentence "to reflect the seriousness of the offense." J.A. 310–11.  Ultimately, Little's new sentence required him to spend an additional 60 days in prison.  After the district court pronounced its sentence, Little argued for a different credit for his probation time, requesting "a 5 to 1 ratio" between the time spent on probation and the time to be subtracted from his sentence. J.A. 346.  But Little did not object to the general practice of crediting time on probation against time spent in prison.

Little now appeals his resentencing.  We have jurisdiction under 18 U.S.C. § 3742.

## II.

The Double Jeopardy Clause "protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969).  Little argues that his new sentence violates the Double Jeopardy Clause because the district court imposed additional punishment after Little had already completed the term of incarceration that was part of his illegal split sentence.  He also contends that he had a legitimate

expectation of finality in his original sentence. Both of Little's arguments are unpersuasive.

**A.**

As a threshold matter, the government argues that we should not consider Little's double jeopardy argument because we already decided in Little's previous appeal that additional jail time could be imposed at his resentencing. We disagree.

Under the law-of-the-case doctrine, "decisions rendered on the first appeal should not be revisited on later trips to the appellate court." *LaShawn A. v. Barry*, 87 F.3d 1389, 1393 (D.C. Cir. 1996) (en banc). The doctrine encompasses "questions decided explicitly or by necessary implication." *Id.* at 1394. That principle is not applicable here because Little's double jeopardy claim was not briefed, argued, or resolved in the prior appeal.

*Little I* considered and decided only one issue: whether the district court could lawfully impose a split sentence of probation and imprisonment for a single offense of conviction under 18 U.S.C. §§ 3551(b) and 3561. *Little I*, 78 F.4th at 454. To be sure, Little asked us in that appeal "to reverse and remand with instructions that [he] be immediately discharged from probation and that an amended judgment be issued reflecting no probationary term." Brief of Appellant, *Little I*, 78 F.4th 453 (D.C. Cir. 2023) (No. 22-3018), 2022 WL 3010141, at *40. But neither party asked us to consider how the Double Jeopardy Clause would affect a resentencing. We denied Little's requested remedy and instead "vacat[ed] Little's sentence and remand[ed] to the district court for resentencing." *Little I*, 78 F.4th at 461. Our opinion did not address the implications of the Double Jeopardy Clause, and we are not bound by a footnote in the dissenting opinion that touched upon that issue. *See id.* at 469 n.3 (Wilkins, J., dissenting) (noting that "it

appears" that the district court "could impose" "a longer prison or probationary term" upon resentencing).

Because *Little I* did not decide any double jeopardy issue "explicitly or by necessary implication," *LaShawn A.*, 87 F.3d at 1394, Little may raise a double jeopardy claim in the instant appeal.

**B.**

**1.**

Little renews his argument that *Lange* and *Bradley* barred the district court from imposing further punishment when he was resentenced because the original sentence was an illegal split sentence, and Little had fully served one of the alternative sentences permitted by statute. Little raises a question of law that we review de novo. *See United States v. McCallum*, 721 F.3d 706, 709 (D.C. Cir. 2013).

We begin with some basic principles that Little does not contest. It is well established that the Double Jeopardy Clause's protection "against multiple punishments for the same offense" does not preclude retrial and resentencing after a defendant successfully appeals his or her conviction. *Pearce*, 395 U.S. at 717. In such a situation, the protection against multiple punishments "requires that punishment already exacted must be fully 'credited' in imposing sentence upon a new conviction for the same offense." *Id.* at 718–19. The court may even "impose upon reconviction a longer prison sentence than the defendant originally received," so long as the years already spent in prison are "returned" to the defendant "by subtracting them from whatever new sentence is imposed." *Id.* at 719; *see also Hayes v. United States*, 249 F.2d 516, 517 (D.C. Cir. 1957) ("[I]f the sentence were invalid and defendant

successfully attacked it, he could be validly resentenced though the resentence increased the punishment.").

Although Little acknowledges that general rule, he argues that his case falls within an exception established by *Lange* and *Bradley*. He contends that those cases compel the vacatur of any additional sentence when a defendant already has served one of the alternative sentences permitted by statute.

In *Ex parte Lange*, 85 U.S. (18 Wall.) 163 (1873), the defendant was convicted of stealing U.S. Post Office mail bags. He was sentenced to both the statutory maximum term of one year of imprisonment *and* the maximum fine of $200. *See id.* at 164. The defendant paid the fine in full and began serving his sentence of imprisonment. *Id.* Five days into his imprisonment, a reviewing court vacated the judgment, holding that the governing statute allowed a sentence of imprisonment *or* a fine, but not both. The sentencing court then imposed a sentence of one year of imprisonment and no fine. *Id.* The Supreme Court discharged the defendant, holding that the resentencing violated double jeopardy principles. *Id.* at 167–68, 175. In relevant part, the Court noted: "[W]hen the prisoner . . . had fully suffered one of the alternative punishments to which alone the law subjected him, the power of the court to punish further was gone." *Id.* at 176. The Court's reference to the defendant's "full[]" service of "one of the alternative punishments" appeared to place significance on the defendant's payment of the maximum allowable fine — *i.e.*, "fully" serving one of the permissible sentences apparently precluded any additional punishment. *See id.*

But the Supreme Court seemed to retreat from that reasoning in *In re Bradley*, 318 U.S. 50 (1942). There, the sentencing court imposed both a six-month sentence of imprisonment and a $500 fine for the defendant's crime of

contempt, despite the applicable statute authorizing only a fine *or* imprisonment. *See Bradley*, 318 U.S. at 51. The same day that the court imposed the dual sentence, it realized its mistake and *sua sponte* sought to amend the sentence by reimbursing the fine and requiring only the six months' imprisonment. *See id.* at 51–52. The defendant refused to accept the refund and appealed his sentence. *Id.* at 52. Unlike in *Lange*, the relevant statute in *Bradley* did not prescribe a maximum term of imprisonment or a maximum fine. *See* 28 U.S.C. § 385 (1940). Still, the Supreme Court relied on *Lange* to order the defendant discharged from custody, reasoning that an "amendment of the sentence could not avoid the satisfaction of the judgment." *Bradley*, 318 U.S. at 52–53. The Court held that "[s]ince one valid alternative provision of the original sentence has been satisfied, the petitioner is entitled to be freed of further restraint." *Id.*

Little relies on *Bradley* to argue that he too must be discharged from any further punishment. Similar to the defendant in *Bradley*, Little was originally sentenced to a term of imprisonment *and* probation, even though the applicable statutes authorized a sentence of either probation or imprisonment, but not both. *See Little I*, 78 F.4th at 454–56. Like Bradley, Little did not receive the statutory maximum, but he had fully satisfied "one valid alternative provision of the original sentence" — the term of incarceration — by the time his illegal sentence was vacated. *Bradley*, 318 U.S. at 52. Little thus argues that, like Bradley, he is entitled to be freed from further restraint.

The problem for Little is that both *Lange* and *Bradley* were interpreted narrowly by a more recent Supreme Court case, *Jones v. Thomas*, 491 U.S. 376 (1989). *Jones* clarified that a key fact in *Lange* was that the defendant had completed a statutory maximum sentence; and a key fact in *Bradley* was that

the defendant's alternative sentences were a *fine* and imprisonment, and a fine cannot be credited against a prison sentence. Those important distinctions foreclose Little's double jeopardy claim.

In *Jones*, the sentencing court imposed two consecutive sentences of imprisonment — one for felony murder and the other for the underlying felony — despite state law not authorizing separate sentences in that circumstance. 491 U.S. at 378–79. The defendant argued that "the Double Jeopardy Clause requires immediate release for the prisoner who has satisfied the shorter of two consecutive sentences that could not both lawfully be imposed." *Id.* at 382. In rejecting that argument and upholding Jones's resentencing, the Court first distinguished *Lange*, in which the defendant had already completed the statutory maximum punishment, so that any additional punishment "would obviously have exceeded that authorized by the legislature." *Id.* at 383. The Court explained that "*Lange* . . . stands for the uncontested proposition that the Double Jeopardy Clause prohibits punishment in excess of that authorized by the legislature." *Id.*

The *Jones* Court next distinguished *Bradley*, in which the two sentences imposed "were of a different type, fine and imprisonment." 491 U.S. at 384. While "it would not have been possible to 'credit' a fine against time in prison," the same was not true of the two prison sentences in *Jones* because "crediting time served under one sentence against the term of another has long been an accepted practice." *Id.* The *Jones* Court further noted that it did "not think the law compels application of *Bradley* beyond its facts." *Id.* at 386. Thus, the Court upheld the resentencing in *Jones* because the sentencing court could credit the time that the defendant had already served against any future punishment. *Id.* at 384. In other words, where that defendant was subjected to two sentences

when only one was permissible, and he had already fully served one of the sentences, he still could be resentenced without violating the Double Jeopardy Clause because the time that he had served on the original sentence could be credited against his new sentence.  That holding is consistent with the well-established double jeopardy principles that generally allow a full resentencing after a successful appeal.  *See Pearce*, 395 U.S. at 718–19.

Accordingly, *Jones* precludes Little's reliance on *Lange* and *Bradley*.  Little's case is easily distinguished from *Lange* because neither Little's original sentence (of 60 days' imprisonment and three years' probation) nor his new sentence (of 150 days' imprisonment) exceeded the statutory maximum of six months' imprisonment or five years of probation.  *See* 40 U.S.C. § 5109(b); 18 U.S.C. § 3561(c)(2).  Moreover, *Bradley* is inapposite because Little's sentence involved incarceration and *probation* — not incarceration and a *fine* — and the district court gave Little credit for the time that he spent on probation.  When Little was resentenced to 150 days' incarceration, his prison time was reduced to reflect a credit of 60 days for the time that he had already spent in prison *and* a credit of 30 days for the 18 months he had served on probation.  Thus, under *Jones* and *Pearce*, the resentencing was permissible under the Double Jeopardy Clause because the time Little served on the original sentence was "returned" to him when it was "subtract[ed] . . . from whatever new sentence [was] imposed." *Pearce*, 395 U.S. at 719.

**2.**

Little's arguments to the contrary are unconvincing.  First, he asserts that when he was erroneously sentenced to probation *and* imprisonment, despite the statute allowing only one of those options, his punishment was "in excess of that authorized

by the legislature." Little Br. 17 (quoting *Jones*, 491 U.S. at 383). But saying that is so does not make it so. The determinative fact in *Lange* was that the defendant had already paid the statutory maximum fine and no more punishment was permissible under the statute. Because he then was subjected to a resentencing that imposed time in prison, the additional punishment plainly was unlawful. *See Lange*, 85 U.S. at 175; *Jones*, 491 U.S. at 382–83. That is not Little's situation.

Next, Little argues that time on probation cannot be credited against a sentence of imprisonment. *See* Little Br. 26. Alternatively, he asks us to "hold that 'credit' for [d]ouble [j]eopardy purposes" requires a "1:1 ratio" — *i.e.*, that he should receive a day's worth of credit for every day that he spent on probation. *Id.* But Little did not raise those arguments before the district court, and he therefore forfeited them.

"Basic in our criminal procedure is the rule that" a defendant "must, at the time the ruling or order of the court is made or sought, make known to the court the action which he desires the court to take or his objection to the action of the court and the grounds therefor." *United States v. Lewis*, 433 F.2d 1146, 1152 (D.C. Cir. 1970) (cleaned up); *see also* Fed. R. Crim. P. 51(b). Neither Little's written nor oral advocacy alerted the district court to any argument that probation cannot be credited against imprisonment, or that a 1:1 crediting ratio is required.

In his papers in support of his motion to terminate his probation, Little argued that the "still-binding precedent" of *Lange* and *Bradley* "dictates" the outcome in his "single-count, alternative-options case." J.A. 269–70. Although he quoted relevant language in *Jones*, he argued only that *Jones* "reaffirmed" "the continuing viability of *Lange* and *Bradley*" for cases concerning "a single count of conviction." J.A. 190,

194. The government's opposition to Little's motion specifically argued that, unlike the fine in *Bradley*, Little's sentence of probation could be credited against a future term of imprisonment. The government also argued that the crediting ratio need not be a day-to-day offset. Little's reply did not respond to those arguments. Then, at sentencing, Little's only objection was "to the ratio that was used" because he "believe[d]" "a 5 to 1 ratio" was "a better ratio than the 18 to 1 that the [c]ourt used." J.A. 346. Because Little never disputed the availability of crediting and merely requested a different crediting ratio, Little "failed to put the district court on notice of the argument[s] he now raises" — *i.e.*, that crediting is not possible, or that a 1:1 ratio is required. *United States v. Mohammed*, 89 F.4th 158, 163 (D.C. Cir. 2023).[2]

Little says that, even if he did not alert the district court to the specific arguments he advances on appeal, his "argument about crediting" is preserved as "simply a different theory in support of the double jeopardy claim." Oral Arg. 12:14–12:30. To make that argument, Little relies on *Yee v. City of Escondido*, 503 U.S. 519 (1992), in which the Supreme Court held that "[o]nce a federal claim is properly presented, a party can make any argument in support of that claim; parties are not limited to the precise arguments they made below." *Id.* at 534.

Although the cited statement in *Yee* is broad, our subsequent cases have made clear that *Yee*'s holding is not as sweeping as Little would like it to be. *See Koch v. Cox*, 489 F.3d 384, 391 (D.C. Cir. 2007) (citing *Yee* to allow a party to "adduce[] additional support for his side of an issue upon which the district court did rule, much like citing a case for the first time on appeal"); *Teva Pharms., USA, Inc. v. Leavitt*, 548 F.3d 103, 105 (D.C. Cir. 2008) (citing *Yee* to allow a party to "refine

---

[2] On appeal, Little does not renew his request for a 5:1 crediting ratio.

and clarify its analysis in light of the district court's ruling"); *Defs. of Wildlife & Ctr. for Biological Diversity v. Jewell*, 815 F.3d 1, 11–12 (D.C. Cir. 2016) (citing *Yee* and saying we should not "reach the theory raised on appeal" if it "would require this court to recast appellants' position in the district court" (cleaned up)).

*Yee* and its progeny clearly did not displace the general rule in criminal cases that a defendant must "make known" to the district court "his objection to the action of the court and the grounds therefor." *Lewis*, 433 F.2d at 1152. In *United States v. Stevens*, 105 F.4th 473 (D.C. Cir. 2024), we rejected a similar request to treat a defendant's new argument as preserved under *Yee*. In that case, the district court had applied the Sentencing Guideline for aggravated assault, defined as "felonious assault" involving "an intent to commit another felony." *Id.* at 476 (quoting U.S.S.G. § 2A2.2 cmt. n.1). The defendant had argued before the district court that the Guideline was inapplicable because he did not commit the relevant felony with intent to commit "*another* felony." *Id.* at 477 (emphasis in original). On appeal, the defendant added a new theory: He claimed that he was not convicted of "felonious assault" and only aided and abetted that offense. *Id.* at 479. Even though the new argument challenged the same Guideline addressed by the district court, we rejected the defendant's argument under *Yee* that he "simply ma[de] new arguments in support of a preserved claim." *Id.* at 479 n.10. Instead, we held that the defendant "made two distinct claims challenging different elements of the 'aggravated assault' commentary definition," and reviewed the new argument only for plain error. *Id.*

This case requires the same result. Little argued before the district court that he should be discharged from further punishment because *Bradley* applies to all "single-count,

alternative-options case[s]." J.A. 270. That claim differs significantly from the arguments that he now makes, challenging the practice of crediting probation time against jail time and the crediting ratio that was applied at his resentencing. Little thus makes "distinct claims" on appeal that challenge "different" aspects of the *Bradley* decision. *See Stevens*, 105 F.4th at 479 n.10. His specific argument invoking *Bradley* before the district court did not preserve every possible argument that flows from that case or from the Double Jeopardy Clause.

Because Little's arguments were "not raise[d] before the district court," we review them "only for plain error." *United States v. Long*, 997 F.3d 342, 353 (D.C. Cir. 2021). "Under plain error review, we may reverse only if (1) the district court committed error; (2) the error is plain; (3) the error affects the defendant's substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (cleaned up). Little's arguments fail because the alleged errors he identifies were not "plain" — *i.e.*, there was no "controlling precedent on the issue or some other absolutely clear legal norm." *United States v. Pyles*, 862 F.3d 82, 88 (D.C. Cir. 2017) (cleaned up).

To begin, Little points to no Supreme Court case nor any case from this circuit that addresses whether time served on probation can be credited against time spent in prison. He therefore fails to identify any "controlling precedent on the issue." *Pyles*, 862 F.3d at 88.

To the extent other courts have addressed the crediting issue, the cases foreclose any claim of a "clear legal norm" that forbids crediting probation time against sentences of imprisonment. *Pyles*, 862 F.3d at 88. To the contrary, other courts have endorsed that practice. For example, in *United*

*States v. Martin*, 363 F.3d 25 (1st Cir. 2004), the court held that the "impossibility of crediting [the sentences in *Bradley*] does not apply to the alternative sentences of probation, including home detention, and imprisonment." *Id.* at 38. Because "probation and imprisonment . . . each restrict[] a defendant's liberty (albeit to varying degrees) over a specific period of time," the court reasoned, the two "different types of sentences" "are sufficient[ly similar] to allow crediting of probation against imprisonment." *Id.*; *see also United States v. Carpenter*, 320 F.3d 334, 344–45 & n.10, 346 (2d Cir. 2003) (instructing the district court to credit home detention already served against future imprisonment); *United States v. Miller*, 991 F.2d 552, 554 (9th Cir. 1993) (same); *United States v. Lominac*, 144 F.3d 309, 318 (4th Cir. 1998) (crediting time on supervised release against future imprisonment). Thus, Little has failed to establish that the district court "plainly" erred — or erred at all — when it credited the time he spent on probation against his new sentence of imprisonment.

Nor was it plain error for the district court to employ a fact-specific crediting ratio. Little does not cite any "controlling precedent on the issue" of *how* to credit probation against imprisonment, *Pyles*, 862 F.3d at 88, and he concedes that there is "disagreement on the methodology for providing credit," Little Br. 25. That alone precludes him from demonstrating that there is an "absolutely clear legal norm" that supports a 1:1 crediting ratio. *Pyles*, 862 F.3d at 88.

Little pulls his suggested 1:1 ratio from an Iowa Supreme Court case. *See State v. Jepsen*, 907 N.W.2d 495, 504 (Iowa 2018). But ample precedent supports not applying a 1:1 ratio when crediting probation time. For example, in *Martin*, the court said that "fully crediting probation against a subsequent sentence of imprisonment does not require a day-to-day offset," observing that "time served in home detention is

normally far less onerous than imprisonment." 363 F.3d at 39 (cleaned up); *see also Carpenter*, 320 F.3d at 346 (noting the court "would be puzzled if, on remand, the district court reduced Carpenter's term of imprisonment by more than half the time he spent in home detention," but declining to hold that "a reduction of greater magnitude would be factually insupportable, or a lesser reduction inappropriate"); *Miller*, 991 F.2d at 554 (noting a 1:1 ratio would not be inappropriate, but directing the district court to balance the § 3553 factors when deciding on its ratio); *United States v. Derbes*, 2004 WL 2203478, at *2 n.6 (D. Mass. Oct. 1, 2004) (treating "three days of home detention and five days of probation as the equivalents of a day in custody"). Because there is no controlling precedent in this jurisdiction nor any clearly accepted rule for determining crediting ratios, the district court's decision to conduct a fact-specific inquiry and to apply a 30-day credit for Little's 18 months of probation time was not plainly erroneous.

## C.

Little argues that the district court was barred from increasing his sentence because he had a legitimate expectation of finality in the original sentence. Again, we disagree.

The Supreme Court has recognized that, under the Double Jeopardy Clause, defendants have "legitimate expectation[s] of finality" in their sentences. *Jones*, 491 U.S. at 385; *see United States v. DiFrancesco*, 449 U.S. 117, 132–38 (1980). That constitutionally protected interest allows defendants "to be free from being compelled to live in a continuing state of anxiety and insecurity." *United States v. Fogel*, 829 F.2d 77, 88 (D.C. Cir. 1987) (cleaned up). But courts "may permissibly increase a [defendant's] sentence" if "there is some circumstance which undermines the legitimacy of that expectation." *Id.* at 87.

Here, Little may not claim an expectation of finality in a sentence that he voluntarily appealed. Little does not dispute that a defendant who successfully attacks a conviction or sentence may generally be resentenced to increased punishment. *See* Little Br. 33–35; *see also Pearce*, 395 U.S. at 719–20 ("Long-established constitutional doctrine makes clear that, beyond the requirement [that punishment already exacted must be fully 'credited'], the guarantee against double jeopardy imposes no restrictions upon the length of a sentence imposed upon reconviction."); *Hayes*, 249 F.2d at 517 ("[I]f the sentence were invalid and defendant successfully attacked it, he could be validly resentenced though the resentence increased the punishment."); *Murphy v. Massachusetts*, 177 U.S. 155, 158 (1900) ("[I]t is well settled that a convicted person cannot by his own act avoid the jeopardy in which he stands, and then assert it as a bar to subsequent jeopardy."). Because Little appealed his sentence and sought to have it amended or vacated, he "is held to have waived his protection against double jeopardy." *Hayes*, 249 F.2d at 517.

Little's reliance on *United States v. Fogel*, 829 F.2d 77 (D.C. Cir. 1987), is misplaced. That case stands for the proposition that a court may not *sua sponte* change a defendant's final sentence; it has nothing to do with defendants who themselves seek to alter their sentences by filing appeals. In *Fogel*, the sentencing court increased Fogel's sentence after realizing it "made a mistake" in its original pronouncement. 829 F.2d at 80–81. We held that a court cannot, on its own initiative, increase a defendant's sentence because "after a defendant is sentenced, he is entitled to have a legitimate expectation that the district court has reviewed all of the relevant circumstances, and has finally determined the severity of the punishment that should be imposed." *Id.* at 89. By changing Fogel's sentence without warning, the court impermissibly "compelled" him to "live in a continuing state

of anxiety and insecurity." *Id.* at 88. Little, by contrast, chose to appeal his sentence — he thereby precipitated and consented to any state of uncertainty.

Nor are we persuaded by Little's argument that he challenged only a *defect* in his sentence (*i.e.*, "that the statutory scheme did not authorize both imprisonment *and* probation"), and therefore did not waive his legitimate expectation of finality in the *length* of his sentence. Little Br. 35 (emphasis in original). We are unaware of any precedent that supports carving out special treatment for certain types of legal arguments challenging a sentence. When a defendant successfully challenges his or her sentence or conviction, the prior sentence is "wholly nullified and the slate wiped clean." *Pearce*, 395 U.S. at 721. With that clean slate, the district court is permitted on resentencing "to impose whatever sentence may be legally authorized, whether or not it is greater than the sentence [previously] imposed." *Id.* at 720.

That is especially appropriate when the original sentence included interdependent components. In *United States v. Townsend*, 178 F.3d 558 (D.C. Cir. 1999), we held that a defendant sentenced on multiple counts of conviction "can have no legitimate expectation of finality regarding the sentence previously allocated to certain counts while simultaneously challenging his sentence on other counts of the package." *Id.* at 570. That principle recognizes the "strong likelihood that the district court [] craft[ed] a disposition in which the sentences on the various counts form[ed] part of an overall plan, and that if some counts are vacated, the judge should be free to review the efficacy of what remains in light of the original plan." *Id.* at 567 (cleaned up); *see also United States v. Morris*, 116 F.3d 501, 505 (D.C. Cir. 1997) (holding defendants "could not — at the moment of launching their challenges [against one sentence] — have entertained any

reasonable expectation in the finality of their [non-challenged] sentences" "given the interdependency" of the sentencing package).

Little's split sentence is analogous. When pronouncing Little's original sentence, the district court stated: "I believe some term of imprisonment is essential in these cases now to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense." J.A. 149. Then, because "the [c]ourt [did] not have confidence that the same [conduct] would not happen in the next election cycle," it included a probationary term so that Little "[would] not be without court supervision during the next election cycle." J.A. 150. The district court's decision to impose a short prison sentence was intertwined with its decision to impose a longer term of probation. After we made clear that a term of imprisonment and a term of probation could not both be imposed, the district court was allowed to "review the efficacy of what remains [of the sentence] in light of the original plan." *Townsend*, 178 F.3d at 567; *accord United States v. Versaglio*, 85 F.3d 943, 949 (2d Cir. 1996) (setting aside a term of imprisonment in a split-sentence case but remanding for the sentencing court to "consider[] whether to make an upward adjustment in the amount of the fine").[3]

\* \* \*

---

[3] Little argues for the first time in his reply brief that the government was required to cross-appeal to provide Little with notice that pursuit of his own appeal would expose him to a higher sentence. *See* Little Reply Br. 5. Putting aside the dubious logic of that argument, it is forfeited. *See Fore River Residents Against the Compressor Station v. FERC*, 77 F.4th 882, 889 (D.C. Cir. 2023) ("Arguments raised for the first time in a reply brief are forfeited.").

We conclude that the Double Jeopardy Clause was not violated when Little was subjected to additional punishment upon his resentencing.  The district court properly exercised its discretion to impose a sentence that accounted for all relevant sentencing factors.  The new sentence was lawful because the district court provided credit for the time that Little had served on the original sentence — both in prison and on probation — and neither the original sentence nor the new sentence exceeded the statutory maximum.  We further conclude that the district court did not plainly err when it provided a 30-day credit to account for the 18 months that Little spent on probation; and that Little had no legitimate expectation of finality in his original sentence because he appealed that sentence.  We therefore affirm the judgment of the district court.

*So ordered.*