# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued October 21, 2025         Decided December 2, 2025

No. 24-3077

UNITED STATES OF AMERICA,
APPELLEE

v.

DERREK E. ARRINGTON,
APPELLANT

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:00-cr-00159-1)

———

*Lisa B. Wright*, Assistant Federal Public Defender, argued the cause for appellant. With her on the briefs was *A. J. Kramer*, Federal Public Defender. *Tony Axam Jr.*, Assistant Federal Public Defender, entered an appearance.

*Timothy R. Cahill*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Jeanine Ferris Pirro*, U.S. Attorney, and *Chrisellen R. Kolb*, Assistant U.S. Attorney.

Before: CHILDS and GARCIA, *Circuit Judges*, and RANDOLPH, *Senior Circuit Judge*.

Opinion for the court filed by *Senior Circuit Judge* RANDOLPH.

RANDOLPH, *Senior Circuit Judge*: A jury convicted Derrek Arrington on two counts: (1) assaulting a Park Police Officer with a deadly weapon (a car) when Arrington, trying to avoid arrest, trapped the officer's arm in the driver's side window and drove away, dragging the officer through an intersection; and (2) being a felon in possession of a stolen firearm. We affirmed Arrington's convictions, for which Judge Robertson imposed a sentence of 240 months' imprisonment. *See United States v. Arrington*, 309 F.3d 40 (D.C. Cir. 2002).

For reasons unnecessary to recount, in 2024 a different district judge—Lamberth, J.—set aside Arrington's original sentence. By then Arrington had finished serving his time for the assault and gun charges. But he remained in prison because he committed those two offenses while he was on parole for an armed robbery conviction in the D.C. Superior Court. That court revoked his parole and required him to serve the remaining 11 years' imprisonment of his armed robbery sentence. Arrington's Superior Court parole-revocation sentence ran from the end of his federal imprisonment. So Arrington asserts that if Judge Lamberth resentenced him to less than 240 months, Arrington's release date from his parole violation sentence would be earlier. We shall assume he is correct.

The issues on appeal deal with whether Judge Lamberth erred in resentencing Arrington to a 240-month term of imprisonment.

Arrington's Sentencing Guidelines range was 140–175 months' imprisonment. APP 236. Judge Lamberth decided to

order an upward variance of 65 months from the top of the range, thus making the resentence equal to the original sentence—the maximum sentence permissible. APP 211. Foremost in the judge's remarks at the hearing and in his written Statement of Reasons was "the moral depravity" of Arrington's attempted murder of the Park Police officer—after dragging the officer down the street in his car, Arrington shot him in the face at point-blank range, severing one of the officer's facial nerves and causing permanent facial paralysis and loss of vision.[1] The judge's Statement of Reasons also mentioned Arrington's convictions for armed robberies, one of which came after his original sentencing in this case, and the felon-in-possession charge, which the judge thought was not adequately factored into the overall Guideline calculation.

The main ground of appeal is that Judge Lamberth failed to consider Arrington's purported rehabilitation while in prison between the first sentence in this case and the hearing on resentencing. Arrington is correct that on resentencing, a defendant's interim rehabilitation is a predictive consideration that may lend support to a downward departure from the Sentencing Guidelines range. *See, e.g.*, *Pepper v. United States*, 562 U.S. 476, 481 (2011). Judge Lamberth, an experienced federal judge, knew this full well, as our court recognized in *United States v. Hunter*, 809 F.3d 677, 684–85 (D.C. Cir. 2016).

---

[1] Judge Lamberth stated at the hearing: "If I merely hued to the high end of the guideline range, it would not provide adequate penalty for the heinous act which was coming within a millimeter of ending the officer's life by the shot which I find that you did, in fact, shoot him in the face. I think then, that there's a variance upward in the guidelines to the maximum sentence under the statute." APP 257.

Arrington's counsel presumably realized that Judge Lamberth did not need to be reminded to consider evidence of reformation. Even when prompted, defense counsel registered no objection to the judge's treatment of Arrington's rehabilitation claim. We therefore may reverse only if Judge Lamberth committed a "plain error" under Federal Rule of Criminal Procedure 52(b)—that is, a mistake so obvious that the judge should have recognized his blunder even though counsel failed to point it out. *See United States v. Olano*, 507 U.S. 725, 734 (1993).

To support his argument, Arrington cites the judge's remarks at the hearing: "I'm not sentencing the guy that is appearing before me here today. I'm doing what I think would have been the sentence Judge Robertson would have imposed were you there then." APP 259. Together these statements may seem a bit confusing. One interpretation—Arrington's—is that the judge was ignoring the defense's evidence of rehabilitation. The more likely interpretation is that Judge Lamberth was merely observing that Arrington had changed over the years. The judge's remarks came immediately after he spoke about sentencing many "young guys" and after he told Arrington, "You're not that person anymore." APP 259.[2] We view the judge's next statement—particularly in light of its ending with "were you there then"—to mean that Judge Lamberth intended

---

[2] The judge followed this statement with: "I'm very glad to hear you say that, and I hope that can be where we are today in your life and you will not be set back by the things I've said here today, because I'm sentencing the guy that was before Judge Robertson." APP 259. This states the obvious—Arrington's resentence would reflect the crimes Arrington was convicted of committing when he appeared before Judge Robertson.

to sentence Arrington as Judge Robertson would have done if he were resentencing Arrington. This follows from Judge Lamberth's very next remark, which Arrington neglects to mention: "I'd have to – I have to sentence you with what I have today." APP 259. This contradicts Arrington's claim that the judge was refusing to consider any developments between the imposition of the original sentence and the resentencing hearing.

We do not suggest that our reading of Judge Lamberth's remarks leaps from the transcript pages. Oral statements are often not as precise as written statements;[3] even legal documents—such as opinions and statutes—are sometimes less than perfectly clear. But here, if defense counsel had an inkling that Judge Lamberth was refusing to consider the evidence of rehabilitation,[4] one would have expected defense counsel to seek clarification. Yet counsel lodged no such objection. There is also a presumption Arrington has not overcome—that the sentencing judge considered evidence of mitigation when defense counsel interposed no objection and the judge's ultimate sentence was "reasonable." *United States v. Pyles*, 862 F.3d 82, 88 (D.C. Cir. 2017). In addition, the record shows that Judge Lamberth did not fail to "consider" the rehabilitation evidence. In this context the antonym of "consider" may be "ignore" or it may be "overlook." Judge Lamberth did neither. At the hearing

---

[3] Oral statements also have an interpretive dimension written statements lack. *See United States v. Zeigler*, 994 F.2d 845, 849 (D.C. Cir. 1993).

[4] Arrington's counsel admitted that before her client's scales fell from his eyes, he was not exactly a model prisoner. He had been disciplined three times for getting into violent altercations with other inmates and twice for possessing hidden weapons. APP 128-131.

Judge Lamberth congratulated Arrington on his progress. *See* note 2 *supra*. But it became clear as the hearing drew to a close, that rather than departing downward, Judge Lamberth was going to depart upward. And as we next discuss, he expressed a sound basis for doing so.

Despite Arrington's claim to the contrary, Judge Lamberth sufficiently explained his decision to impose an upward variance. He had good reason to find that Arrington's conduct was "more harmful or egregious" than the typical conduct of a defendant found guilty of assault with a dangerous weapon causing severe injuries. *United States v. Brown*, 808 F.3d 865, 867 (D.C. Cir. 2015) (quoting *United States v. Nicely*, 492 F. App'x. 119, 121 (D.C. Cir. 2012)); *see United States v. Brown,* 892 F.3d, 385, 406 (D.C. Cir. 2018); *United States v. Iracks*, 106 F.4th 61, 68 (D.C. Cir. 2024). At the hearing Judge Lamberth stated that "the guidelines are really contemplating that you drug the policeman through the intersection while fleeing from a traffic stop and that caused the debilitating injury" and that "because of the gravity of Officer Daniels's injury and the wrongfulness of using the firearm, I will depart and treat the case the same as if – wasn't just drug through the intersection, but also you shot officer Daniels." APP 257. As the government puts it: "The district court did not abuse its discretion by determining that Arrington's conduct in this case—which included both a vehicular assault *and* an attempt to murder a police officer by shooting him in the face at close range—was more harmful and egregious than that of a defendant who had *only* committed a vehicular assault that caused similarly serious injuries." Appellee Br. 32. That rationale is enough to justify the upward variance ordered here. *See Gall v. United States*, 552 U.S. 38, 50 (2007).

Arrington also claims that Judge Lamberth's variance

was improper because the judge partly relied on a reason he did not adequately explain—namely, that the Guidelines' calculation completely erased the felon-in-possession charge. But this is beside the point. As suggested above, the judge indicated at the resentencing hearing that Arrington's shooting of the officer in the face by itself justified a variance up to the statutory maximum sentence of 240 months. *See* note 1 *supra*; APP 257. Thus, any error in the treatment of the felon-in-possession conviction was harmless. *See* 28 U.S.C. § 2111; Fed. R. Crim. P. 52(a).

We see no need to discuss Arrington's other arguments. These have been considered and rejected.

*Affirmed.*